UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 23-mj-215 |
| | : | |
| **ROBIN LEE REIERSON,** | : | |
| | : | |
| **Defendant.** | : | |

### JOINT MOTION TO CONTINUE AND
### TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and defendant Robin Lee Reierson hereby move this Court to vacate the preliminary hearing and status conference presently scheduled for November 16, 2023, to continue the matter for approximately 30 days, and further to exclude the time within which an indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the parties state as follows:

1. Defendant is charged via complaint with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. *See* Compl., Doc. 1. Specifically, the Complaint alleges that the defendant violated 18 U.S.C. §§ 231(a)(3) (Civil Disorder); 111(a)(1) (Assaulting, Resisting, Impeding Certain Officers); 1752(a)(1), (a)(2), (a)(4) (Entering and Remaining in a Restricted Building or Grounds, Disorderly Conduct in a Restricted Building or Grounds, and Physical Violence in a Restricted Building or Grounds); and 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(F) (Disorderly or Disruptive Conduct on Capitol Grounds), and Act of Physical Violence on Capitol Grounds and Physical Violence on Capitol Grounds). *See id.*

2. On August 23, 2023, the defendant was arrested on these charges in the Northern

District of Illinois. He appeared for his Rule 5 initial appearance the same day.

3. On August 25, 2023, this Court entered an agreed-to protective order governing discovery in this case. *See* Doc. 8.

4. On August 28, 2023, the Honorable Chief Judge James Boasberg granted the government's motion to disclose Rule 6(e) materials to the defense. *See* 8/28/23 Minute Order.

5. On August 31, 2023, the parties appeared for the defendant's initial appearance in this district.

6. The government made its initial case specific disclosures to the defendant in this case on August 25, 2023. The government is in the process of making additional case-specific disclosures to the defendant and is continuing to provide global discovery on an ongoing basis.

## ARGUMENT

7. Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

8. Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must

exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

9. This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . .
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).

10. Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing §3161(h)(7)(B)(ii), (B)(iv)).

11. An interests of justice finding is within the discretion of the Court. *See, e.g.*, *United*

3

*States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

12. In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The investigation of the Siege of the Capitol on January 6, 2021 (hereinafter, "the Capitol Siege") is likely the most complex investigation ever prosecuted by the Department of Justice. Given the gigabytes of information contained not only in case-specific discovery, but also the terabytes of information in the global discovery available to all defendants, it will take time to search and review discovery materials.

13. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (Upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019)(Upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to

4

prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (Upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (Upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (Upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

14. Here, the government has already produced substantial discovery to the defendant and will continue to do so. The defendant and his counsel need additional time to review and analyze this discovery. The parties submit that given the voluminous discovery in this case, the ends of justice to be served by a 30-day continuance outweigh the interests of the public and the defendant in a speedy trial and indictment.

15. The undersigned Assistant U.S. Attorney has consulted with defense counsel, Mike Leonard, who consents to the filing of this joint motion.

WHEREFORE, the government and defendant respectfully request that this Court grant a 30-day continuance of the November 16, 2023, preliminary hearing, scheduled in the above-captioned matter, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

                                                         Respectfully submitted,

                                                         MATTHEW M. GRAVES
                                                         United States Attorney
                                                         D.C. Bar No. 481052

By:    /s/ Katherine E. Boyles
        Katherine Boyles
        Assistant United States Attorney
        D. Conn. Fed. Bar No. PHV20325
        Katherine.Boyles@usdoj.gov
        Phone: 203-931-5088
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001